IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.                                              Case No. 1:12-cr-338-MLB

Torrey Marable,

           Defendant.

_____/

## OPINION & ORDER

Defendant Torrey Marable moves for compassionate release pursuant to 18 U.S.C.§ 3582(c)(1)(A). (Dkt. 215.)[1] The United States opposes his motion on procedural and substantive grounds. (Dkt. 217.) The Court denies his request.

## I.  The Background Facts

The United States charged Defendant Marable and two codefendants with robbing two banks and brandishing firearms during

---

[1] Defendant Marable does not cite 18 U.S.C.§ 3582(c)(1)(A) or any other statute in his motion. The Court, however, construes it as a motion for a sentence reduction under that statute as it appears to the statute that comes closest to offering the relief sought.

the robberies. (Presentence Investigation Report (PSR) at ¶¶ 1-6.) He was also charged with a third bank robbery that also involved his use of a firearm. (*Id.* at ¶¶ 7-8.) In one robbery, he held a bank employee at gunpoint while stealing $70,000 from the bank safe. (*Id.* at ¶¶ 14-16.) Defendant Marable and his codefendants were arrested with firearms while casing yet another bank. (*Id.* at ¶¶ 17-19.) Defendant confessed. (*Id.* at ¶ 20.)

In a plea bargain with the Untied States, Defendant pleaded guilty to the three robbery charges and one charge of brandishing a firearm in violation of 18 U.S.C. § 924(c). (Dkt. 182-1). He agreed he should be sentence to imprisonment for 27 years, 20 years for the robberies and 7 years on the gun charge. (*Id.* at 6.) The district court imposed that sentence. (Dkt. 207.)

Defendant Marable filed a motion for compassionate release asking the Court to reduce his sentence to time served because, he will not reoffend, believes his sentence was overly harsh, has already served a significant amount of time in prison, and deserves an opportunity to be a part of his son's life. All admirable ideals. (Dkt. 215.)

## II.     The Law

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Previously, compassionate release was only available to an inmate if the Bureau of Prisons ("BOP") filed a motion requesting it.  *See* 18 U.S.C. § 3582 (as effective Nov. 2, 2002 to Dec. 20, 2018).  The First Step Act of 2018 changed that by allowing a defendant to file a motion for compassionate release directly with the sentencing court.  18 U.S.C. § 3582(c)(1)(A).  A court may not act on such a request until after the inmate has "fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his or her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [the inmate's] facility, whichever is earlier." *Id.* A court may then modify a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable," the court finds "extraordinary and compelling reasons warrant the reduction" and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 1B1.13 of the Sentencing Guidelines and its Application Note 1 provide the policy statement for what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(2)–(3) (Application Note 1.). They provide that extraordinary and compelling reasons include medical conditions like a terminal illness; some other serious physical, medical, or cognitive impairment that prevents a defendant from providing self-care within the correctional facility; the attainment of age 65 with serious deterioration as a result of the aging process; family circumstance like the loss of a caregiver to minor children or the incapacitation of a spouse with no other caregiver; or some other compelling reasons determined by the Bureau of Prisons. *See* U.S.S.G. § 1B1.13 (Application Note 1). The Sentencing Commission has not updated U.S.S.G. § 1B1.13 since passage of the First Step Act, including possibly to identify additional categories of extraordinary and compelling circumstances. But that section and Application Note 1 still apply and limit what a court may consider as extraordinary and compelling circumstances. *United States v. Bryant*, 996 F.3d 1243, 1265 (11th Cir. 2021).

The policy statement also says the Court must determine "[t]he defendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g)." *Id.* The compassionate release provision thus imposes three conditions on granting a sentence reduction: (1) the existence of extraordinary and compelling circumstances as defined by the Sentencing Guidelines, (2) adherence to §1B1.13 (including a finding that the defendant is not a danger to the community), and (3) support in the § 3553(a) sentencing factors. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. *Id.*; *United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

### III. The Legal Analysis

It appears Defendant Marable filed his motion with this Court before first requesting that the warden file such a motion on his behalf and then either exhausting his administrative rights from the denial of that request or waiting 30 days after making the request. The United States posits that argument and nowhere in his motion does Defendant Marable state he has submitted a request for compassionate release to the warden of his facility, as is required by 18 U.S.C. § 3582(c)(1)(A). By

the plain language of the statute, the Court lacks the authority to consider Defendant Marable's compassionate release motion.

But even if he had that authority, the Court would conclude Defendant Marable has failed to show extraordinary and compelling circumstances justifying compassionate release. Defendant Marable's heartfelt reasons for seeking release simply are not identified in the statute or policy statement. He writes in his motion that the Court "has all the power when it comes to [him] getting released early." (Dkt. 215 at 2.) That simply is not true. The law binds the Court's consideration and simply does not allow modification or reduction of Defendant Marable's sentence for the reasons stated.

### IV. The Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Marable's motion for compassionate release. (Dkt. 215.)

**SO ORDERED** this 12th day of May, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE